IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WILLIAM THOMAS LAWRENCE, JR., )<br>)<br>Defendant. ) | Case No. 93-CR-0185-004-GKF<br><br>USM Number: 06220-062 |

**OPINION AND ORDER**

Before the Court is defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c) [Docket No. 263]. Defendant moves for reduction of sentence citing retroactive amendments to USSG § 2D1.1 for crimes involving crack cocaine, Amendments 706 and 715. At the original sentencing, Judge H. Dale Cook imposed a sentence of 262 months as to Count One of the Superseding Indictment based on an offense level 34 and a sentencing range of 262 to 327 months. Defendant seeks modification of sentence, claiming the sentencing court failed to properly calculate drug quantities. Defendant's motion ignores application of Amendments 706 and 715, arguing instead the sentencing court erred on Constitutional grounds, claiming violations of *Blakely v. Washington*, 542 U.S. 296 (2004), *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *United States v. Booker*, 543 U.S. 220 (2005). Defendant further argues a motion under § 3582(c) provides a proper basis to reconsider a sentence on grounds other than application of a retroactive amendment. Defendant's motion fails on several grounds.

First, defendant is not eligible for sentence modification pursuant to Amendments 706 and 715 because his sentence was not based on an offense involving crack cocaine. Amendment 706

is a retroactive amendment that addressed the Sentencing Commission's concern over inequity of the powder cocaine to crack cocaine ratio. Promulgation of Amendment 706 lowered the base offense level two levels for most offenses involving crack cocaine. *See* Guidelines Manual, Supplement to Appendix C, p. 226-231. Amendment 715 revised the manner in which combined offense levels are determined in cases involving crack cocaine and one or more other controlled substances. *See* Guidelines Manual, Supplement to Appendix C, p. 255-258. Defendant was found guilty by jury verdict of conspiracy to possess with intent to distribute powder cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1). The sentencing court found that USSG §2D1.1 was applicable, and the defendant was responsible for conspiring to possess and distribute at least 15 but less than 50 kilograms of powder cocaine. The sentencing court further found that this quantity of cocaine resulted in a base offense level 34. *See* Guidelines Manual effective November 1, 1993, USSG §2D1.1(c)(5) - Drug Quantity Table, p. 81. *See also* PSR, ¶¶ 46 and 47. Defendant is convicted of an offense that alleges conspiracy to possess and distribute cocaine powder, not crack cocaine. The sentencing court calculated his guideline sentence solely on powder cocaine.[1] Crack cocaine was not included in guideline calculations, thereby rendering Amendments 706 and 715 inapplicable to this case. A reduction of a term of imprisonment is not authorized by § 3582(c) if the retroactive amendment does not lower a defendant's applicable guideline range. USSG §1B1.10(a)(2)(B). As the facts establish that defendant's sentence is not based on a sentencing range that has subsequently been lowered by the Sentencing Commission, this Court is without jurisdiction to consider a

---

[1] The base offense level for at least 15 kilograms of crack cocaine is offense level 42. *See* Guidelines Manual effective November 1, 1993, USSG §2D1.1(c)(1) - Drug Quantity Table, p. 80.

reduction of sentence under § 3582(c). *See United States v. Trujeque*, 100 F.3d 869, 871 (10th Cir. 1996).

Secondly, a motion under § 3582(c) is not a proper basis to allege a violation of *Blakely*, *Apprendi*, or *Booker*. Defendant casts his request for review of sentence as a § 3582(c) motion related to Amendments 706 and 715. However, the substance of his argument is that the sentencing court made findings on statutory penalties and guideline enhancements for conduct not specifically found by the jury. The statute invoked by defendant permits a court to modify a sentence upon motion of the defendant only when a "sentencing range . . . has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." § 3582(c)(2). Defendant does not contend that any such action has been taken by the Sentencing Commission. Instead, defendant claims that *Blakely*, *Apprendi*, and *Booker* render his sentence unconstitutional. A number of circuits, including the Tenth Circuit, have rejected all attempts to apply retroactively the constitutional rights first recognized in *Blakely* and *Apprendi*, and subsequently extended in *Booker*. The Supreme Court has expressly applied its holding in *Booker* only to cases on direct review. *Booker* 125 S.Ct. at 769. Further, § 3582(c)(2) does not permit a reduction in sentence based on Supreme Court decisions that are unrelated to an actual amendment of the guidelines. *See United States v. Price*, 438 F.3d 1005 (10th Cir. 2006) (held that *Booker* itself does not provide requisite authority to reopen sentencing proceedings under § 3582(c)); *United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997) (holding that unless the basis for resentencing falls within one of the specific categories authorized by § 3582(c), the district court lacks jurisdiction to consider defendant's request); *United States v. Burkins*, 157 Fed. Appx. 55, 2005 WL 3278033, *1 (C.A. 10 (Okla.)) (rejecting *Booker* and *Blakely* claims and finding defendant not entitled to relief pursuant to 18 U.S.C. § 3582(c)(2) because his

sentencing range was not lowered by the Sentencing Commission after he was sentenced); *United States v. Clayton*, 92 Fed. Appx. 703, 2004 WL 389465 at *2 (C.A. 10 (Okla.)) (finding "*Apprendi-*type claims cannot be brought under 18 U.S.C. § 3582(c)(2) for modification of a sentence, because they do not relate to a lowering of sentence ranges"); *United States v. Culp*, 2005 WL 1799252, *2 (D.Kan.2005) (finding § 3582(c)(2) is not a statutory vehicle for advancing *Booker* and is not a means to attack the constitutionality of a sentence). This Court therefore lacks jurisdiction under § 3582(c)(2) to modify defendant's sentence based on his motion.

Finally, this Court is without authority to reconsider previous findings on drug type or quantity as § 3582(c) proceedings are not *de novo* resentencings, rather the district court is only empowered to resentence based upon application of the amended guideline, leaving other sentencing factors unaffected. *See United States v. Rhodes*, 549 F.3d 833 (10th Cir.2008). Even if § 3582(c) afforded this Court authority to review previous findings on drug quantity, the result would be the same. Defendant appealed his sentence on several grounds, computation of cocaine levels being one of them. The Tenth Circuit affirmed defendant's sentence, ruling that the district court conducted a comprehensive examination of the evidence and testimony presented at trial. Based on this evidence the Circuit concluded the record supported a finding that more than fifteen kilograms of cocaine was properly attributed to the defendant. *See United States v. Edwards*, 69 F.3d 419, 439 (10th Cir. 1995). The sentencing court's finding on drug quantity is correct.

This Court concludes the defendant is not entitled to a sentence reduction pursuant to § 3582(c) because Amendments 706 and 715 are not applicable and do not result in a lowering of the defendant's guideline range. Finally, for reasons stated herein, the defendant is not permitted relief under a *Blakely*, *Apprendi*, or *Booker* claim of constitutional error in sentencing.

In the event Lawrence's §3582(c)(2) should be considered as a §2255(a) motion "to vacate, set aside or correct the sentence," it is a successive §2255 motion. On June 17, 2005, the Tenth Circuit Court of Appeals rejected Lawrence's most recent motion for authorization to file a successive §2255 motion. *See Lawrence v. United States*, No. 05-5047 (June 17, 2005). In the event Lawrence's current motion should be considered as a successive §2255 motion, this Court finds it would be a waste of judicial resources to transfer the motion to the Tenth Circuit for authorization. First, the motion is untimely under 28 U.S.C. §2255(f). Second, the Tenth Circuit previously held that *Blakely v. Washington,* 542 U.S. 296 (2004), does not apply retroactively to Lawrence's successive §2255 motions. *Lawrence v. United States*, 05-5047 (citing *Leonard v. United States*, 383 F.3d 1146, 1148 (10th Cir. 2004). This Court concludes it is not in the interest of justice to transfer the matter to the circuit for authorization. The motion – if more properly construed as a successive §2255 motion – is dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that defendant's motion for modification of sentence pursuant to 18 U.S.C. § 3582(c) [Docket No. 263] is **denied for lack of jurisdiction**.

**DATED** this 14th day of May, 2009.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma